IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

CASE NO.:

COREY SHADER,

   *Plaintiff,*

v.

SHEMAIAH FORD,

   *Defendant.*

_____/

## COMPLAINT FOR DAMAGES, INJUNCTIVE AND OTHER EQUITABLE RELIEF

Plaintiff Corey Shader ("Shader"), hereby sues Defendant Shemaiah Ford ("Ford"), pursuant to Fla. Stat. §934.10, *et seq.*, and states:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action brought pursuant to Fla. Stat. §934.10, *et seq.*

2. Plaintiff Shader is a natural person who is a resident of Broward County, Florida.

3. Defendant Ford is a natural person who, upon information and belief, is currently a resident of Broward County, Florida. Furthermore, at all times material to this action, Ford was a resident of Broward County, Florida.

4. Venue is proper in Broward County, Florida, because the subject events took place in this county and because Ford is a resident of Broward County.

5. All conditions precedent to the filing of this action have been met, satisfied or otherwise waived.

### FACTUAL BACKGROUND

6. Ford and Shader were previously involved in a romantic relationship.

7. The relationship soured when Shader informed Ford that he had no intention of having children with her.

8. The relationship ended in October of 2023.

9. As the relationship soured, and unbeknownst to Shader, Ford began to deploy a scheme that was nothing short of a shakedown.

10. Specifically, Ford began to make illegal, secret recordings of Shader, without Shader's knowledge or consent. In these recordings, Ford would bait Shader into arguments and into discussing private and salacious matters in their private relationship. For ease of reference, these recordings will be referred to in this Complaint as the "Illegal Recordings."

11. Shader did not learn of the Illegal Recordings until approximately May of 2024, which is when Ford threatened Shader with releasing the Illegal Recordings to Shader's family unless he paid her millions of dollars. Ford's plot was textbook extortion.

12. When Ford made her demand, Shader was shown at least two separate Illegal Recordings.

13. In the first video, Ford recorded a conversation with Shader while he was in the *bathroom* in his home, a place where any reasonable person would expect a high degree of privacy.

14. In the second video, Ford recorded a conversation with Shader while the couple was driving in his car without his knowledge or consent.

15. Shader did not know about the recordings, and he never gave Ford his consent to record him in any intimate and private settings.

16. All conditions precedent to bringing this action have been satisfied by Shader or have been waived.

17. Shader has retained the undersigned attorneys to represent him in this action and has agreed to pay a reasonable fee for their services.

## COUNT 1

### (Violation of Fla. Stat. §934.03)

Shader re-alleges the allegations set forth in paragraphs 1-17 above as if fully set forth herein.

18. On at least two separate occasions, Ford intentionally used her cellular telephone to record (intercept) oral communications between herself and Shader.

19. These conversations were face-to-face conversations in private locations in which Shader had a reasonable expectation of privacy.

20. Ford did not inform Shader that the oral conversations were being recorded, and Ford did not obtain Shader's consent to record the conversations.

21. With respect to the first conversation referenced above, Shader had a subjective expectation of privacy in his own home and in his bathroom. That is an expectation that society recognizes as reasonable.

22. With respect to the second conversation referenced above, Shader had a subjective expectation of privacy while alone in a moving car with his significant other. Again, that is an expectation that society recognizes as reasonable.

23. Shader was unaware that Ford had secretly made the Illegal Recordings until May 2024, when Ford demanded money from Shader.

24. Shader has been damaged by Ford's secret Illegal Recordings.

25. Shader is entitled to the civil remedies set forth in Fla. Stat. §934.03 pursuant to Fla. Stat. §934.10, including but not limited to actual damages, statutory damages, punitive damages upon a reasonable showing to assert the same, attorney's fees, injunctive relief and court costs.

26. Shader is entitled to his attorney's fees and court costs incurred in prosecuting this statutory violation pursuant to Fla. Stat. §934.10.

**WHEREFORE**, Plaintiff Corey Shader respectfully requests that this court enter judgment against Ford for:

a. Damages in excess of $50,000.00;
b. Injunctive and other equitable relief under Florida Statutes §934.10, including an order from this Court requiring Ford to return all unlawfully acquired recordings; disclosing each person to whom these recordings were provided and each platform where these recordings were disseminated, disclosing how and where these recordings are stored, who has possession of these recordings and further enjoining Ford and all those acting in active concert with her from utilizing, maintaining, accessing or disseminating the recordings wrongfully acquired;
c. Attorney's fees and costs pursuant to Florida Statutes §934.10; and
d. Reservation of the right to seek punitive damages pursuant to Florida Statutes §934.10.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all issues so triable.

Dated: May 25, 2025

        Respectfully submitted,

        <u>s/ *Yolanda P. Strader*</u>
        Yolanda P. Strader (FBN 70212)
        yolanda@straderpaschal.com
        Bryan L. Paschal (FBN 91576)
        Bryan@straderpaschal.com
        Strader Paschal PLLC
        150 S. Pine Island Road, Suite 300
        Plantation, Florida 33324
        Telephone: 954-493-1157
        Miami, Florida 33136
        *Attorneys for Plaintiff*

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY